FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 10, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCELO ANTHONY BENSON,<br><br>Defendant. | No. 1:22-CR-02043-SMJ-1<br><br>ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT ON INDICTMENT<br><br>**MOTION GRANTED**<br>**(ECF No. 16)** |

On June 10, 2022, the Court held a hearing for Defendant MARCELO ANTHONY BENSON's initial appearance and arraignment based on an Indictment. Defendant appeared in custody represented by Assistant Federal Defender Nick Mirr. Assistant U.S. Attorney Todd Swensen represented the United States. Defendant consented to proceed via video teleconference.

Defendant was advised of, and acknowledged, his rights. The Court entered a plea of not guilty to the Indictment on Defendant's behalf.

Defendant, personally and through counsel, waived his right to a detention hearing. Accordingly, **IT IS ORDERED** that the United States' Motion for Detention, **ECF No. 16**, is **GRANTED**. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

If a party desires this Court to reconsider Defendant's detention because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that

ORDER - 1

party shall file a two-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a supplemental pretrial report is requested. This Court will treat the motion as expedited and submitted without argument and will set a hearing or issue other orders as may be appropriate.

The Court presumes a request for discovery and disclosure under Federal Rules of Evidence 404(b), 608(b), and 609, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and their progeny, and as such these items are ordered disclosed by the deadline set forth in Local Criminal Rule 16. At arraignment or within 14 days thereafter, the Government is required to disclose evidence relating to Defendant's guilt or punishment that might reasonably be considered favorable to the Defendant. *See* LCrR 16(a)(6); *see also Brady*, 373 U.S. 83; *United States v. Agurs*, 427 U.S. 97 (1976); Fed. R. Crim. P. 5(f). This is a continuing duty for newly discovered evidence. LCrR 16(c). Furthermore, all counsel are expected to read and comply with Judge Mendoza's Standing Disclosure Order, which will be docketed in this matter shortly. Failure to comply with these orders and obligations may result in consequences that include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. *See* Fed. R. Crim. P. 16(d)(2).

**IT IS SO ORDERED.**

DATED June 10, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 2