FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 16, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

# STANDING DISCLOSURE ORDER
# IN ALL CRIMINAL CASES
# BEFORE THE HONORABLE SALVADOR MENDOZA, JR.

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the Government has a continuing obligation to produce all information or evidence known to the Government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Consistent with that mandate, the Government may not withhold *Brady* information because it questions the materiality of such information. *United States v. Bundy*, 968 F.3d 1019, 1033 (9th Cir. 2020). Accordingly, the court orders the Government to produce to the defendant in a timely manner all such information or evidence. Delayed disclosures will be carefully scrutinized by the Court.

STANDING DISCLOSURE ORDER – 1

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other Government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made. This information includes, *but is not limited to*:[1]

1) information that is inconsistent with or tends to negate the defendant's guilt as to any element, including identification, of the offense(s) with which the defendant is charged;

2) information that tends to mitigate the charged offense(s) or reduce the potential penalty or sentencing guideline range;

3) information that tends to establish an articulated and legally cognizable defense theory or recognized affirmative defense to the offense(s) with which the defendant is charged;

4) information that casts doubt on the credibility or accuracy of any evidence, including witness testimony, that the Government may use at trial;

5) impeachment information, which includes, but is not limited to—

---

[1] At several points throughout this section, the Court references witnesses or evidence that the Government "may use at trial." The Court nevertheless cautions that information surrounding other witnesses or evidence may be subject to disclosure under *Brady* and its progeny.

STANDING DISCLOSURE ORDER – 2

a. information regarding whether any promise, reward, or inducement has been given or discussed, or may be given later by the Government to any witness;

b. information that identifies all pending criminal cases against, and all criminal convictions of, any witness the Government may use at trial;

c. any inconsistent statement known to the Government or its agents, or a description of such a statement, made orally or in writing by any witness, regarding the alleged criminal conduct of the defendant;

d. information reflecting bias or prejudice against the defendant by any witness the Government may use at trial;

e. a written description of any conduct that may be admissible under Fed. R. Evid. 608(b) known by the Government to have been committed by a witness; and

f. information known to the Government of any mental or physical impairment of any witness the Government may use at trial that may cast doubt on the ability of that witness to testify accurately or truthfully at trial as to any relevant event.

6) and, by no later than the close of the defendant's case, the Government shall disclose any exculpatory information relevant to rebuttal.

STANDING DISCLOSURE ORDER – 3

All disclosed information shall be produced in a reasonably usable form unless that is impracticable; in such a circumstance, it shall be made available to the defense for inspection and copying. Furthermore, the information shall not be intentionally, knowingly, or recklessly located so as to avoid notice.

If the Government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial Government interest, the Government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include in camera review and/or withholding or subjecting to a protective order all or part of the information. In addition, if the Government questions whether certain information is subject to disclosure, the Government may seek in camera review of the information.

This Standing Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the Government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. *See* Fed. R. Crim. P. 16(d)(2). Nothing in this Disclosure Order enlarges or diminishes the Government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme

Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 15th day of March 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge